United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-70012

_____

STEVEN KENNETH STALEY,

Petitioner - Appellee,

versus

DOUG DRETKE, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-185

_____

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[*]

In April 1991, Steven Kenneth Staley was convicted of capital murder and sentenced to death for the murder of Robert Read during an armed robbery in October 1989. The Texas Court of Criminal Appeals affirmed his conviction and death sentence on direct appeal in April 1994. Staley's application for state habeas relief was denied in September 1998. In May 2000, he filed a petition for federal habeas relief. In September 2003, the district court denied relief on three of the claims, and dismissed without

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prejudice, as premature, Staley's claim that he was then incompetent to be executed.

On December 14, 2004, the state trial court entered an order scheduling Staley's execution for March 23, 2005. Anticipating that Staley would probably claim that he was incompetent to be executed, the State filed a request for an expert to examine Staley, and the trial court granted the motion, appointing Dr. Price. Staley's counsel persuaded the trial court to informally authorize the appointment of an expert, Dr. Cunningham, without first having to make the threshold showing of incompetency required under Article 46.05. Staley's counsel also obtained the cooperation of the district attorney and the trial court in having Staley brought from death row to Tarrant County to facilitate access to him by counsel and mental health experts. Staley arrived in Tarrant County during the last week of February 2005.

The State's expert attempted to examine Staley on February 28, 2005, but Staley initially refused. After speaking to his attorney, he relented. Staley's expert, Dr. Cunningham, examined him on March 16, 2005. On March 17, 2005, less than a week before his scheduled execution, Staley filed a motion in the state trial court seeking an oral hearing to determine his competency to be executed under Article 46.05 of the Texas Code of Criminal Procedure.[**]

---

[**]Article 46.05 provides, in pertinent part:

2

The state court received evidence in the form of affidavits and reports from the parties' mental health experts. The State's expert, Dr. Price, examined Staley on February 28, 2005, and concluded that Staley understands that he is to be executed, that his execution is imminent, and the reason why he is to be executed.

The defense expert, Dr. Cunningham, interviewed Staley for three hours on March 16, 2005. He testified in his affidavit that, in his opinion, Staley knows that he is to be executed, that his execution is imminent, and the reason for his execution. However, he stated that it was "probable" that Staley will become more psychotic in the week remaining before his execution and that there "can thus be no assurance that the awareness he displayed regarding

> (a)  A person who is incompetent to be executed may not be executed.
>
> ....
>
> (d)  On receipt of a motion filed under this article, the trial court shall determine whether the defendant has raised a substantial doubt of the defendant's competency to be executed on the basis of:
>
> (1) the motion, any attached documents, and any responsive pleadings ....
>
> ....
>
> (h)  A defendant is incompetent to be executed if the defendant does not understand:
>
> (1) that he or she is to be executed and that the execution is imminent; and
>
> (2)  the reason he or she is being executed.

his execution on 3-16-05 will be present at the time of his execution."

After considering the affidavits and reports submitted by the parties' mental health experts, the state trial court found that the evidence showed that Staley understands that he is going to be executed, that his execution is imminent, and that he knows the reason for his execution. The trial court concluded that Staley had failed to make a substantial showing that he was incompetent. The trial court's order was entered on March 17, the same day that Staley filed his motion for a competency hearing.

That same day, Staley filed in the district court a motion for a stay of execution and for the appointment of counsel to prepare a habeas petition seeking relief on the ground that he is presently incompetent to be executed. On the afternoon of March 22, Staley filed a supplement to his motion for stay of execution, in which he argued that he is entitled to a stay of execution pending the decision in another case in which the district court granted a certificate of appealability on the question whether a condemned inmate must have a rational, as well as factual, understanding of the reason for his execution. Panetti v. Dretke, No. A-04-CA-042-SS (W.D. Tex. Sept. 29, 2004) (unpublished).

Later in the afternoon of March 22, the district court entered an order granting Staley's motions for stay of execution and for appointment of counsel. Citing McFarland v. Scott, 512 U.S. 849, 858 (1994), the district court found that Staley had not

4

"inexcusably ignored his procedural opportunities for review of his mental competency, or flouted available processes", because the state court did not deny Staley's request for a competency hearing until March 17, 2005, the same day that Staley filed his motions in federal district court. (The district court failed to note, however, that Staley did not request a competency hearing in the state court until March 17, 2005.) Therefore, the district court concluded that the requested stay was necessary for appointed counsel to meaningfully research and prepare a federal habeas petition presenting the claim that Staley is presently incompetent to be executed.

Early this morning, March 23, the State appealed and filed a motion to vacate the stay of execution. Staley has filed a response in opposition to the State's motion, arguing that he is entitled to the stay under McFarland.

The only matter before this court is the appeal of the stay. The district court granted the stay in order to give Staley's counsel time to meaningfully research and prepare a federal habeas petition presenting his claim that he is presently incompetent to be executed. Thus, the question presented to us is whether the district court abused its discretion by granting the stay. See McFarland, 512 U.S. at 858. We find that the district court abused its discretion by granting the stay for the following reasons:

1. As Staley's counsel explicitly stated in paragraph 5 of his motion for stay of execution filed in the district court, the

5

only claim sought to be presented in a federal habeas petition is the claim that Staley is presently incompetent to be executed. Therefore, all that is before us is also all that we are told will be forthcoming in a habeas petition.

2. Staley's court-appointed counsel has appeared in this case since 1999. As he sets out in his response in opposition to the State's motion to vacate the stay, he has been actively involved in this immediate proceeding since the state court scheduled the execution date on December 14, 2004.

3. Counsel has diligently pursued the question of whether Staley is competent to be executed, including reviewing over 1,500 pages of prison medical records, reviewing and updating the documentary evidence in support of the claim, persuading the state trial court to informally authorize the appointment of experts, without first having to make a threshold showing of incompetency under Article 46.05, conferring with the experts concerning their evaluations of Staley, filing a motion in state court for a competency hearing, and filing a motion for stay of execution in federal court the same day that the state trial court denied the Article 46.05 motion. In short, counsel has performed with diligence and thoroughness in examining and presenting the only claim at issue -- the competency of Staley to be executed.

4. In support of the motion for stay of execution filed in the district court, counsel asserted that a stay was warranted because it was impossible for the mental health experts appointed

6

by the court to evaluate Staley to complete their examinations and prepare their reports before the scheduled execution; and it was impossible for counsel for both sides to adequately prepare for a competency hearing in state court, including subpoenaing witnesses, consulting with experts, preparing briefs, and presenting a case to a state district judge in a final competency hearing contemplated by Article 46.05. The experts have completed their examinations and reports, and the state court has determined that Staley failed to make a threshold showing of incompetency sufficient to require a hearing under Article 46.05. Thus, these grounds do not support the issuance of a stay of execution.

5. In a supplemental motion for stay of execution filed in the district court, counsel argued that a stay should be granted until this Court decides in Panetti v. Dretke the question whether a death row inmate must have a rational, as well as a factual, understanding of the reason for his execution. The affidavits of the mental health experts who have examined Staley indicate that there is no basis for a claim that he lacks a rational understanding of the reason for his execution. Therefore, the pendency of Panetti provides no basis for a stay of execution in this case.

6. It should be noted that the experts in this case, for the State and for Staley, respectively, have arrived at expressed opinions, as a result of their examinations of Staley, that demonstrate as a matter of law that he is competent to be executed

7

under the standard announced in <u>Ford v. Wainwright</u>, 477 U.S. 399 (1986):  he understands that he is to be executed, that his execution is imminent, and the reason for his execution.

For the foregoing reasons, the motion to vacate the stay of execution is GRANTED, and the order staying the execution in this case is hereby VACATED.

8